UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>SANDRA DENISE MASTERS<br><br>22 Peterson Street<br>Spruce Pine, NC  28777<br>SSN:  xxx-xx-2522<br><br>        Debtor. | Case No. 11-10002<br>Chapter:  7 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes now, Santander Consumer USA Inc., successor to HSBC Auto Finance Inc. ("Santander"), by and through counsel, in support of its Motion for Relief from Automatic Stay would state and show unto the Court that:

1.      On October 27, 2007, Sandra Denise Masters ("Debtor") purchased a 2005 Ford Explorer, VIN 1FMDU73W45UA42178 ("Vehicle"), said transaction being financed by Santander.  A copy of said Retail Installment is attached hereto and incorporated by reference.

2.      To secure the amounts advanced by Santander, the Debtor granted to Santander a security interest in the Vehicle; Santander holds a validly perfected, first priority purchase-money security interest in the Vehicle, as noted on the Certificate of Title issued by the State of North Carolina.  A copy of said Title is attached hereto and incorporated by reference.

3.      The Debtor commenced this bankruptcy case on January 3, 2011 ("Petition Date").  On information and belief, the Debtor wishes to voluntarily surrender the Vehicle.

4.      The Debtor is in arrears under the Contract in the amount of $432.55 (representing the December 11, 2010  past due payment of $415.92, plus late fees of $16.63).  Santander last received a payment on November 13, 2010, in the amount of $415.92.

5.      On the Petition Date, the payoff amount due under the Contract was $14,698.62.

6.      On the Petition Date, the NADA Goldbook wholesale value of the Vehicle was $9,100.00, and the retail value of the Vehicle was $12,50.00.

7.      Pursuant to 11 U.S.C. § 362(d)(1)-(2), sufficient cause exists, including lack of adequate protection, and lack of equity and the Vehicle not being necessary to an effective reorganization, for termination of the automatic stay as to Santander, the Vehicle and the proceeds thereof.

WHEREFORE, the above premises considered, Santander prays that:

1.      Santander be granted immediate relief from the automatic stay provisions of 11 U.S.C. §362 in order that it may proceed immediately with the enforcement of its security interest in the Vehicle.

2.      The provisions of Rule 4001 (a)(3) of the Federal Rules of Bankruptcy Procedure be waived.

3.      Santander be granted such other and further relief to which it may be entitled.


Respectfully submitted,


/s/ Jacob Zweig_____
Jacob C. Zweig (38641)
Attorney for Santander Consumer USA Inc.
The Hale Law Group, PLLC
88 Union Avenue, Suite 700
Memphis, TN 38103
(901) 271-0712

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>SANDRA DENISE MASTERS<br><br><br>Debtor. | Case No. 11-10002<br>Chapter: 7 |

NOTICE

**NOTICE IS HEREBY GIVEN** that Santander Consumer USA Inc. ("Santander") has filed a Motion for Relief from Automatic Stay, a copy of which is enclosed herewith and incorporated by reference.  Any party in interest desiring to be heard with regard to said Motion may request a hearing.  Any request for hearing or response shall clearly identify the specific motion to which the response is directed, and it shall comply fully with Bankruptcy Rule 9013-1.  Any response must be in writing and must be filed with the United States Bankruptcy Court, 401 West Trade Street, Charlotte, North Carolina, 28202, on or before 15 days from the date of this notice, with a copy served on Jacob C. Zweig, Attorney for Santander.  If a request for hearing is filed, the Court will conduct a hearing on February 22, 2011, at 9:30 a.m. at the United States Bankruptcy Court, 100 Otis Street, Main Courtroom, First Floor, Asheville, North Carolina.  If no request for hearing is timely filed, the Court will rule on the Motion on the basis of the record without a hearing and no further notice will be given.

DATE OF NOTICE: January 11, 2011.


/s/ Jacob Zweig_____
Jacob C. Zweig (38641)
Attorney for Santander Consumer USA Inc.
The Hale Law Group, PLLC
88 Union Avenue, Suite 700
Memphis, TN 38103
(901) 271-0712

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>SANDRA DENISE MASTERS<br><br>       Debtor. | Case No. 11-10002<br>Chapter:  7 |

## <u>CERTIFICATE OF SERVICE</u>

      **THIS IS TO CERTIFY** that on the below date, the undersigned served a copy of the Motion for Relief from the Automatic Stay and Notice thereon by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

David R. Hillier
Chapter 7 Trustee
P.O. Box 3235
Asheville, NC 28802

Sandra Denise Masters
22 Peterson Street
Spruce Pine, NC  28777

Bankruptcy Administrator
Notified Electronically

**THIS** the 11<u>th</u> day of <u>January</u>, 2011.

                    /s/Marcia Stevens_____
                    Marcia Stevens
                    Legal Ass. to Jacob C. Zweig (38641)
                    88 Union Avenue, Suite 700
                    Memphis, TN 38103
                    (901) 271-0712

# HSBC 

Step 1 ⟩ **Step 2** ⟩ Step 3 ⟩ Step 4 ⟩

## STEP 2: REVIEW & SIGN THE CONTRACT

NCCON   Rev. 11/12/2006

**APPLICANT INSTRUCTIONS:**
1. Please review all four pages of this contract and sign at the bottom of page one.
2. Please call your account executive if any changes or questions arise.

## Loan Repayment And Security Agreement

Borrower(s):
SANDRA MASTERS

Address:  3939 GLENWOOD AVE #659
RALEIGH        NC 27612

Creditor:
HSBC Auto Credit Inc.
5855 Copley Drive
San Diego, California  92111

Application Number: _____
Date of this Loan: _____ 10/27/2007
Principal Loan Amount: $ ___ 20,687.00
Maturity Date: _____ 10/26/2013
Contract Rate: _____ 13.09

In this Agreement, "we","us", and "our" refer to the Creditor, HSBC Auto Credit Inc., and its successors and assigns; and "you" and "your" refer to each Borrower who signs this Loan Repayment and Security Agreement (the "Agreement") and each other person or legal entity (guarantors, endorsers, and sureties) who agrees to pay this Loan.  The "Loan" is the extension of credit governed by this Agreement.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit at a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled |
|---|---|---|---|
| 13.09 % | $ 9,283.72   "e" | $ 20,687.00   "e" | $   29,970.72   "e" |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 72 | $  416.26   "e" | Monthly, beginning:  11/26/2007   "e" |

**Security:**   You are giving a security interest in the Vehicle described below and all Collateral as defined in this Agreement.

**Late Charge:**   If any payment is not paid in full within 15 days after it is due, you agree to pay a late charge equal to 4% of the amount of the payment.

**Prepayment:**   If you pay off this note early, you will not have to pay a penalty.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

"e" means an estimate

Returned Check Charge:     $25

Itemization of the Amount Financed:
Amount Paid Directly to You:                N/A
CAPITAL ONE AUTO FIN          20,672.00
Paid to Others (We may receive or retain a portion of this amount):
TITLE FEES                          15.00

Security:  This Loan is secured by a ___ 05 __ FORD _____
EXPLORER _____ with a Vehicle Identification
Number ___ 1FMDU73W45UA42178 _____ (the "Vehicle").

20,687.00

**THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH AFFECTS YOUR RIGHTS.  YOU MAY OPT OUT OF ARBITRATION BY TAKING THE ACTION DETAILED IN THE ARBITRATION PROVISION WITHIN 30 DAYS OF THE SIGNING OF THIS AGREEMENT.**

By signing below, you agree to all terms and conditions as set forth on page one, page two, page three, and page four of this Agreement and you acknowledge receiving a completed copy of this Agreement, HSBC's Privacy Statement and the Truth in Lending disclosures.

Borrowers:

_Sandra Masters_
Applicant Signature
Additional terms continued on Page 2 of this document.

**ADDITIONAL TERMS OF THE AGREEMENT**

**THIS AGREEMENT CONSISTS OF FOUR PAGES; THIS IS PAGE 2 OF 4**

Step 1 > Step 2 > Step 3 > Step 4

52580133

**REPAYMENT OF THIS LOAN.** In return for this Loan, you promise to pay us the Principal Loan Amount stated on page one of this Agreement plus interest from the Date of this Loan at the Contract Rate stated on page one of this Agreement. In monthly payments as stated on page one of this Agreement. You may prepay all or any part of this Loan at any time without penalty. If you pay more than your monthly payment, you are still required to pay each subsequent payment in the original amount as it becomes due until this Loan is paid in full. You will pay at our address stated on page one or at any other address we provide to you for making payments. If more than one Borrower is listed on page one, the obligation to pay this Loan is joint and several and we may enforce this Agreement against all or any of the Borrowers.

**DATE OF THIS LOAN.** The terms and disclosures contained in this Agreement are based on the Date of this Loan stated on page one. Interest will not begin to accrue, however, until the date that we disburse the loan proceeds. At the time that we disburse the loan proceeds, the Date of this Loan, payment due dates, and maturity date will be adjusted to reflect the actual date that proceeds are disbursed. We will notify you of the disbursement date and the adjusted terms.

**PRINCIPAL AMOUNT.** If this Loan involves a refinance of a prior loan you have with another lender (the "Lienholder") secured by the Vehicle identified on page one, the Amount Financed and the Principal Amount stated on page one are based on loan pay-off information that we have received from the Lienholder, and you authorize us to disburse proceeds directly to the Lienholder. If the disbursement exceeds the actual pay-off amount, the Lienholder will be solely responsible for remitting any surplus to you. If the disbursement is not sufficient to satisfy all amounts owed to the Lienholder, or if it becomes necessary for us to disburse additional amounts in order to perfect our security interest on the Vehicle in a first lien position (whether for taxes, title fees, or similar charges), we may, at our option, disburse such additional funds needed and add such additional amounts to the Principal amount of this Loan, which will accrue interest as provided in this Agreement and increase your payment obligation, and we will notify you of any such additional amount and the adjusted terms. If this Loan involves the purchase of a vehicle which will be secured by this Loan, the Amount Financed and the Principal amount stated on page one may be based on a maximum authorized loan amount. If the actual disbursement is less than the amounts stated on page one, we will notify you of the actual disbursement amount and the adjusted terms.

**INTEREST ACCRUAL.** Interest (including Finance Charges) will be computed by the simple interest method at the Contract Rate on actual unpaid balances of principal for the time actually outstanding. Interest will accrue under the accrual method based on 365 days in each year. After maturity of this Loan, interest will accrue at the lesser of the Contract Rate or the maximum legal rate of interest on the unpaid balance of this Loan.

**PAYMENTS.** Payments you make on this Loan will be applied to your account in any manner that we choose that is permitted by law. We may, but are not required to, extend or defer your obligation to make payments, with or without your consent, and interest will accrue on unpaid balances of principal during any such extension or deferral. The amount of your final payment will depend on the amounts and dates of the payments you make.

**OTHER CHARGES.** You agree to pay a Late Charge as specified in the Truth in Lending disclosures on page one. If a Returned Check Charge is specified on page one, you agree to pay such Returned Check Charge if any payment check is returned because of insufficient funds or no account. You agree to pay our charges for any check debits or checkless you authorize us to make. The interest rate and all other charges on this Loan will never exceed the highest rate or charge permitted by law for this loan.

**SECURITY INTEREST.** You grant us a security interest in the Collateral, which consists of: (a) the Vehicle described on page one; (b) any accessories, equipment, and replacement parts installed in the Vehicle within ten days of the date of this Agreement; (c) any insurance premiums or charges for debt cancellation or gap waiver coverages, service contracts, warranties, or similar arrangements, which are returned to us; (d) the proceeds of any insurance policies, debt cancellation or gap waiver coverages, service contracts on the Vehicle, or similar arrangements; and (e) the proceeds of any insurance policies on your life or health that are financed as part of the Principal. This security interest secures payment of all amounts owed under this Agreement, your other obligations in this Agreement, and in any transfer, renewal, extension, modification, or assignment of this Agreement.

**YOUR WARRANTIES AND OBLIGATIONS.** You represent and warrant that you own the Vehicle free and clear of any liens except for our lien. You agree: (a) to keep the Vehicle in good repair, free from all other liens and security interests; (b) not to sell, rent, lease, or transfer all or any part of the Vehicle without our prior written consent; (c) not to destroy the Vehicle or use it unlawfully or for hire; (d) not to remove the Vehicle from the United States, nor to remove it permanently from the state of your residence; (e) to make sure that our security interest on the Vehicle is shown in a first lien position on the title and/or other evidence of ownership; (f) to reimburse us for any charges we pay for repair, storage, taxes, fines, or similar charges related to the Vehicle, plus interest thereon at the Contract Rate; (g) to immediately notify us of any change in your address; (h) to fully cooperate with us in adjusting for any clerical errors on any documents relating to this Loan; (i) to execute any and all additional documents which we may need in order to comply with any and all laws, rules, regulations, or applicable policies and procedures; (j) to pay all taxes, fees, and charges relating to the Vehicle as they become due; (k) to permit us to inspect the Vehicle upon reasonable notice, and (l) to promptly inform us of any loss or damage to the Vehicle.

**Additional Terms continued on Page Three following this sheet.**

Rev. 11/12/2006

## ADDITIONAL TERMS OF THE AGREEMENT

### THIS AGREEMENT CONSISTS OF FOUR PAGES; THIS IS PAGE 3 OF 4

Step 1 > Step 2 > Step 3 > Step 4

52560133

**PHYSICAL DAMAGE INSURANCE.** You agree to maintain comprehensive physical damage insurance (or fire, theft, and combined additional coverage) covering all loss or damage to the Vehicle described on page one, with a maximum deductible amount of $1000, and naming "HSBC Auto Credit Inc." as Loss Payee, effective from the date of this Agreement until all sums secured by this Agreement are paid in full. You may voluntarily choose the insurance agent or broker through whom the insurance is obtained. You agree to purchase the insurance from a firm authorized to do business in your state of residence and which is reasonably acceptable to us. You agree that all proceeds may be paid directly to us, and you authorize us to endorse your name as payee on any proceeds checks. If at any time you do not maintain physical damage insurance as required, then we may buy insurance at your expense which, at our option, will cover either only our interest in the Vehicle or both your and our interests in the Vehicle, but we are under no obligation to buy any such insurance. We are under no obligation to obtain such insurance at the lowest or best rate, and any insurance we buy may be more costly than insurance you buy. If we buy insurance, we will inform you of the applicable charges. If you do not pay such charges in addition to monthly payments as provided in this Agreement, we may add such charges to the Principal balance then outstanding and interest will accrue on such additional amounts at the Annual Percentage Rate, or if there is any loss or damage to the Vehicle, you agree that we can use any insurance proceeds either, at our option, to repair the Vehicle or to reduce the balance of this Loan.

**LIABILITY INSURANCE.** No public liability insurance is included, issued, or financed by this Loan.

**DEFAULT.** You are in default: (a) upon failure to pay any installment when due; (b) upon failure to comply with any provision of this Agreement; (c) if the Vehicle is lost, stolen, substantially damaged, destroyed, sold, encumbered, removed, concealed, attached, levied upon, confiscated, or subject to forfeiture under law; (d) upon the initiation of any proceeding in bankruptcy, receivership, or insolvency involving you or the Vehicle; (e) any statement or warranty you made in or in connection with this Loan is untrue or inaccurate at the time when made; or (f) you or any guarantor dies, becomes incompetent, or ceases to exist. Our waiver of any default or our acceptance of any late payment does not constitute a waiver as to any other default.

**REMEDIES UPON DEFAULT.** Upon default, we may, at our option and without notice except as may be required by applicable law, accelerate this Loan and declare the entire unpaid amount of this Loan immediately due and payable, and exercise all or any of our rights of enforcement, including without limitation the right to peaceably repossess the Vehicle. We may also recover from you any reasonable and lawful expenses related to enforcement of our rights, including attorney's fees if not prohibited by applicable law, court costs, and any fees incurred in repossessing or selling the Vehicle. You may be subject to suit and liability, if not prohibited by applicable law, if any amount obtained upon sale or disposition of the Vehicle is insufficient to pay the balance of the Loan and any other amounts due under this Agreement. You will pay simple interest at the lesser of the Contract Rate or the maximum legal rate of interest on the unpaid balance of any judgment in our favor.

**ARBITRATION PROVISION.** Any claim, dispute or controversy between you and HSBC Auto Credit, Inc. (as specifically defined below for purposes of this Arbitration Provision), whether in contract or tort (intentional or otherwise), present or future, and including statutory, constitutional, statutory, common law, regulatory, and equitable claims in any way arising from or relating to this Agreement or the relationships which result from this Agreement (including, without limitation, any ancillary products financed and/or purchased in connection with this Loan and, including, except as provided below, the validity, enforceability or scope of this Arbitration Provision or any part thereof, including without limitation, the issue whether any particular claim, dispute or controversy must be submitted to arbitration (collectively the "Claim"), shall be resolved, upon the election of either you or HSBC, by binding arbitration pursuant to this Arbitration Provision and the applicable rules of the American Arbitration Association or the National Arbitration Forum in effect at the time the Claim is filed. You shall have the right to select one of these arbitration administrators (the "Administrator"). The arbitrator must be a lawyer with more than ten (10) years of experience or a retired or former judge. In the event of a conflict between this Arbitration Provision and the rules of the Administrator, this Arbitration Provision shall govern. In the event of a conflict between this Arbitration Provision and the balance of this Agreement or any other documents provided or executed in connection with this Loan, this Arbitration Provision shall govern. Notwithstanding any language in this Arbitration Provision to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any organization that has in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Provision, including the Class Action Waiver Provision defined below.

Notwithstanding the broad definition of Claim above, a Claim shall not include the use by you or HSBC of any self-help or non-judicial remedy, including but not limited to, acceleration of this Agreement upon the terms provided herein, other non-judicial remedies provided in this Agreement to protect HSBC's rights, a self-help repossession or right of set-off, or any individual judicial action by a party that is limited to preventing the other party from using a self-help or non-judicial remedy that does not involve a request for damages or monetary relief of any kind. Additionally, HSBC hereby agrees not to invoke its right to arbitrate an individual Claim that you may bring in small claims court or an equivalent court, if any, so long as the Claim is pending only in that court. No class actions or private attorney general actions in court or in arbitration or joinder or consolidation of claims in court or in arbitration with other persons, are permitted without the consent of both you and HSBC. The validity and effect of the preceding sentence (the "Class Action Waiver Provision") shall be determined exclusively by a court and not by the Administrator or any arbitrator. Neither the Administrator nor any arbitrator shall have the power or authority to waive, modify or fail to enforce the Class Action Waiver Provision, and any attempt to do so, whether by rule, policy, arbitration decision or otherwise, shall be invalid and unenforceable.

Any participating arbitration hearing that you attend will take place in the city nearest your residence where a federal district court is located or at such other location as agreed by you and HSBC. On any Claim you file, you will pay the first $50 of the filing fee. At your request, HSBC will pay the remainder of the filing fee and any administrative or hearing fees charged by the Administrator on any Claim asserted by you in arbitration, up to a maximum of $1,500. If you should be required to pay any additional fees to the Administrator, HSBC will consider a request by you to pay all or part of the additional fees; however, HSBC shall not be obligated to pay any additional fees unless the arbitrator grants you an award. If the arbitrator grants an award in your favor, HSBC will reimburse you for any additional fees paid or owed by you to the Administrator up to the amount of the fees that would have been charged if the original Claim had been

**Additional Terms continued on Page Four following this sheet.**

NCCON3

Rev. 11/12/2006

**ADDITIONAL TERMS OF THE AGREEMENT**

**THIS AGREEMENT CONSISTS OF FOUR PAGES: THIS IS PAGE 4 OF 4**

for the amount of the actual award in your favor. Each party will be responsible for the expense of its respective attorney's fees, except as otherwise provided by law. If a statute gives you the right to recover any attorney's fees, or the fees paid to the Administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary contained in this Arbitration Provision. If the arbitrator issues an award in HSBC's favor, you will not be required to reimburse HSBC for any fees HSBC has previously paid to the Administrator or for which HSBC is responsible.

This Arbitration Provision is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (the "FAA"). The arbitrator shall apply substantive law consistent with the FAA, and not any state law concerning arbitration. The arbitrator shall follow and apply applicable substantive law to the extent consistent with the FAA, statutes of limitation and claims of privilege and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages, declaratory, injunctive and other equitable relief, and attorneys' fees and costs. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Arbitration Provision and, to the extent consistent with this Arbitration Provision, the Administrator's rules. Upon request of either party, the arbitrator shall prepare a short reasoned written opinion supporting the arbitration award. Judgment upon the award may be entered in any court having jurisdiction. The arbitrator's award will be final and binding except for: (a) any appeal right under the FAA; and (b) any appeal of Claims involving more than $100,000. For such Claims, any party may appeal the award to a three arbitrator panel appointed by the Administrator, which will reconsider de novo (i.e., in its entirety) any aspect or all aspects of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Unless applicable law provides otherwise, the appealing party will pay the appeal's costs (i.e., the amounts owed to the Administrator and the arbitrators), regardless of its outcome. However, HSBC will consider in good faith any reasonable request for HSBC to bear up to the full costs of the appeal.

**YOU ACKNOWLEDGE THAT YOU MAY HAVE A RIGHT TO LITIGATE CLAIMS IN COURT BEFORE A JUDGE OR JURY, BUT YOU PREFER TO RESOLVE ANY SUCH CLAIMS THROUGH ARBITRATION AND HEREBY KNOWINGLY AND VOLUNTARILY WAIVE YOUR RIGHTS TO LITIGATE SUCH CLAIMS IN COURT BEFORE A JUDGE OR JURY, UPON ELECTION OF ARBITRATION BY HSBC OR BY YOU. YOU ACKNOWLEDGE THAT YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS OR AS A PRIVATE ATTORNEY GENERAL PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION.**

This Arbitration Provision shall survive repayment of the Loan and termination of your account. If any portion of this Arbitration Provision is deemed invalid or unenforceable, it will not invalidate the remaining portions of this Arbitration Provision. However, if a determination is made that the Class Action Waiver Provision is unenforceable, this Arbitration Provision (other than this sentence) and any prior Arbitration Provision shall be null and void.

To reject this Arbitration Provision, you must send to HSBC Auto Credit, P.O. Box 17904 Attn: Arbitration, San Diego, CA 92177, a signed writing ("Rejection Notice") that is received within thirty (30) days after the date you sign this Agreement. The Rejection Notice must: (a) identify the transaction involved (e.g., loan number or application number); (b) state that you are electing to reject this Arbitration Provision; (c) include your name, address, and social security number; and (d) be signed by all persons signing this Agreement as Borrower or Co-Borrower. You may send the Rejection Notice in any manner you see fit as long as it is received at the specified address within the specified time. No other methods can be used to reject this Arbitration Provision.

As used in this Arbitration Provision, the term "HSBC" shall mean HSBC Auto Credit Inc., HSBC Auto Finance Inc., and each of their parents, subsidiaries, affiliates, predecessors, successors, and assigns and each of their officers, directors, agents, and employees.

You may contact, obtain a copy of their arbitration rules, or file a Claim with the Administrators as follows: American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org; National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com.

**EXCHANGE OF INFORMATION.** You understand that from time to time we may receive credit information concerning you from others, such as credit reporting agencies. If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a credit reporting agency. You agree that the Department of Motor Vehicles (or similar state agency) may release your residence address to us. You agree that our supervisory personnel may monitor or record telephone calls between you and our representatives in order to evaluate the quality of our service to you. If you serve in the U.S. Armed Forces, you agree that we may communicate with your superior officer(s) regarding your Loan, including without limitation, the collection and timely payment of your Loan.

**APPLICABLE LAW.** This Loan and this Agreement are governed by the laws of the state of North Carolina.

**MISCELLANEOUS PROVISIONS.** You agree that this Agreement and any amendments thereto may be executed by facsimile, and that a facsimile copy we receive from you will be considered an original of this Agreement or any amendment. Any change or modification to this Agreement must be in writing. Without impairing the obligation of any Borrower to pay this Loan, we may release any of the other Borrowers; fail to perfect, impair, or release our security interest in the Vehicle; or extend new credit, renew, modify, extend the term of, or change this Loan. The fact that any part of this Agreement cannot be enforced will not affect any other provisions of this Agreement. You may not assign your obligations under this Agreement. This Agreement is the entire agreement between the Borrower and us.

**End of Additional Terms.**

NCDCN4

Step 1   Step 2   Step 3   Step 4

52580133

Rev. 11/12/2008

# STATE OF NORTH CAROLINA

MVR 1 91 (Rev. 6/05)

## CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| 1FMDU73W45UA62178 | 2005 | FORD | MP |

TITLE NUMBER
7755980734679099

TITLE ISSUE DATE
12/16/2007

PREVIOUS TITLE NUMBER
7755880710803533

OWNER(S) NAME AND ADDRESS

MAIL TO

SANDRA DENISE MASTERS
3939 GLENWOOD AVE APT 659
RALEIGH NC 27612-6666

HSBC AUTO FINANCE INC
PO BOX 661030
SACRAMENTO CA 95866-1030.

ODOMETER READING
0264407

ODOMETER STATUS

TITLE BRANDS

The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens, if any, herein enumerated as of the date of issuance of this certificate.

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date.

*William C. Gore*

COMMISSIONER OF MOTOR VEHICLES

FIRST LIENHOLDER:
HSBC AUTO FINANCE INC
PO BOX 661030
SACRAMENTO CA 95866-1030

DATE OF LIEN: 12/11/2007

LIEN RELEASED BY:
SIGNATURE:
TITLE:
DATE:

SECOND LIENHOLDER:

DATE OF LIEN:

LIEN RELEASED BY:
SIGNATURE:
TITLE:
DATE:

THIRD LIENHOLDER:

DATE OF LIEN:

LIEN RELEASED BY:
SIGNATURE:
TITLE:
DATE:

FOURTH LIENHOLDER:

DATE OF LIEN:

LIEN RELEASED BY:
SIGNATURE:
TITLE:
DATE:

ADDITIONAL LIENS:

909  TIH036C

7694 0236

ANY ALTERATIONS OR ERASURES VOID TITLE

# POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS that the undersigned, HSBC Auto Finance Inc., HSBC Auto Credit Inc., HSBC Auto Accounts Inc., Beneficial Connecticut Inc., Beneficial Consumer Discount Company, Beneficial Financial I Inc., Beneficial Florida Inc., Beneficial Kentucky Inc., Beneficial Loan & Thrift Co., Beneficial Louisiana Inc., Beneficial Maine Inc., Beneficial Massachusetts Inc., Beneficial Michigan Inc., Beneficial New Hampshire Inc., Beneficial New York Inc., Beneficial Oregon Inc., Beneficial Rhode Island Inc., Beneficial South Dakota Inc., Beneficial Tennessee Inc., Beneficial West Virginia Inc., Beneficial Wyoming Inc., Household Finance Consumer Discount Company, Household Finance Corporation II, Household Finance Corporation III, Household Finance Corporation of Alabama, Household Finance Corporation of California, Household Finance Corporation of Nevada, Household Financial Center Inc., Household Industrial Finance Company, Household Realty Corporation and HSBC Credit Center, Inc. (collectively, "HSBC" or the "Grantor"), does make, constitute and appoint Santander Consumer USA Inc., an Illinois corporation and its affiliates, successors and assigns ("SCU") without any right of revocation and with full power of substitution, as the true and lawful Agent and Attorney-in-Fact on behalf of the Grantor in its place and stead with respect only to matters described in paragraphs 1 and 2 below, to do, exercise and/or perform through any other person, that SCU shall deem advisable, proper and/or necessary, in connection with, and consistent with the terms of that certain Asset Purchase Agreement dated as of November 9, 2009 by and between SCU and HSBC, and that certain Servicing Agreement dated as of November 9, 2009 among HSBC and SCU, as such agreements now exists and may hereafter be amended or supplemented (the "Agreements"), intending hereby to vest SCU full power and authority with respect to only the following:

1. To prepare, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file, in the Grantor's or its successor's name, place and stead, all agreements, instruments, documents, assignments and certificates that SCU in its sole discretion deems advisable, desirable, proper and/or necessary for SCU to grant, receive, maintain or perfect a security interest in each Vehicle pursuant to the Agreements, including any Dealer Agreement, Dealer Assignment, Alliance Agreement or Alliance Assignment as it relates to the Purchased Loans by SCU from Grantor ("Dealer Document") and the proceeds thereof in favor of SCU, to exercise the rights of the Grantor with respect to each Vehicle related to a Dealer Document and the proceeds thereof, including without limitation, the right to request and dispose of any repossessed Vehicle, to grant, sell, assign and transfer each Dealer Document to SCU, and to generally do and perform all and any other act whatsoever as may be advisable, desirable, proper and/or necessary with respect to the foregoing. Defined terms used herein but not defined herein shall have the meanings set forth in the Agreements. The foregoing shall include without limitation the power and authority to make, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file Certificates of Title and financing statements with respect to Vehicles and all amendments and supplements thereto and to sign any assignments of the Dealer Documents to SCU, that SCU in its sole discretion deems advisable, desirable, proper and/or necessary, all in connection with, and consistent with the terms of the Agreements.

2. To prepare, execute, deliver, endorse and negotiate in the name of the Grantor payment checks applicable to Dealer Documents.

The Grantor does hereby ratify and confirm any and all things whatsoever SCU may do or may have already done by virtue hereof with respect to the powers and authorities granted hereby. This Power of Attorney shall be deemed to have been executed under seal, to be coupled with an interest shall be irrevocable, shall survive the incapacity of the undersigned and shall extend to any successor of the Grantor.

This Power of Attorney shall commence on the date hereof and shall continue in full force and effect until each of the Dealer Documents assigned to SCU under the Agreements is fully paid for is repurchased by the Grantor or the applicable Dealer or Alliance Relationship and SCU is repaid for such Dealer Document in accordance with the terms of the Agreements), at which time this Power of Attorney shall terminate.

IN WITNESS WHEREOF each Assignor has executed this Power of Attorney this 15th day of March, 2010.

HSBC Auto Finance Inc.
HSBC Auto Credit Inc.
HSBC Auto Accounts Inc.

By: _____
Name: Joan M. Coppenrath
Title: Executive Vice President, Chief Financial Officer
         Treasurer & Secretary

Beneficial Connecticut Inc.                          Beneficial Consumer Discount Company
Beneficial Financial I Inc.                          Beneficial Florida Inc.
Beneficial Kentucky Inc.                             Beneficial Loan & Thrift Co.
Beneficial Louisiana Inc.                            Beneficial Maine Inc.
Beneficial Massachusetts Inc.                        Beneficial Michigan Inc.
Beneficial New Hampshire Inc.                        Beneficial New York Inc.
Beneficial Oregon Inc.                               Beneficial Rhode Island Inc.
Beneficial South Dakota Inc.                         Beneficial Tennessee Inc.
Beneficial West Virginia Inc.                        Beneficial Wyoming Inc.
Household Finance Consumer Discount Company          Household Finance Corporation
Household Finance Corporation III                    Household Finance Corporation of Alabama
Household Finance Corporation of California          Household Finance Corporation II
Household Financial Center Inc.                       Household Finance Corporation of Nevada
Household Realty Corporation                          Household Industrial Finance Company

STATE OF CALIFORNIA        )
                           ) SS
COUNTY OF                  )

On this _____ day of March 2010, before me, a Notary Public in the State of California, personally appeared Joan M. Coppenrath, to me personally known to be the an officer of the Grantor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Grantor.

_____                                                [SEAL]
Notary Public

HSBC Credit Center, Inc.

By: _____
Name: Tammy Knipfer
Title: Vice President – Treasurer & Controller

Tammy Knipfer
President

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF LAKE           )

On this _____ day of March 2010, before me, a Notary Public in the State of Illinois, personally appeared Tammy Knipfer, to me personally known to be an officer of the Grantor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Grantor on behalf of the entities named above her signature.

_____                                                [SEAL]
Notary Public

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of ___San Diego___

On ___March 10, 2010___, before me, ___John M. Corcoran___,
    Date                     Here Insert Name and Title of the Officer

personally appeared ___Alesha Barkan___

                                                   Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____
                Signature of Notary Public

Place Notary Seal Above

ALESHA BARKAN
Commission # 1764434
Notary Public · California
San Diego County
My Comm. Expires Jul 15, 2010

─────────────── OPTIONAL ───────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

**RIGHT THUMBPRINT OF SIGNER**
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

**RIGHT THUMBPRINT OF SIGNER**
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

IN WITNESS WHEREOF each Assignor has executed this Power of Attorney this 15th day of March 2010.

HSBC Auto Finance Inc.
HSBC Auto Credit Inc.
HSBC Auto Accounts Inc.

By: _____
Name:   Joan M. Coppenrath
Title:   Executive Vice President, Chief Financial Officer
       Treasurer & Secretary

STATE OF CALIFORNIA   )
               ) SS
COUNTY OF   )

On this _____ day of March 2010, before me, a Notary Public in the State of California, personally appeared Joan M. Coppenrath, to me personally known to be the an officer of the Grantor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Grantor.

_____
Notary Public

[SEAL]

Beneficial Connecticut Inc.
Beneficial Financial I Inc.
Beneficial Kentucky Inc.
Beneficial Louisiana Inc.
Beneficial Massachusetts Inc.
Beneficial New Hampshire Inc.
Beneficial Oregon Inc.
Beneficial South Dakota Inc.
Beneficial West Virginia Inc.
Household Finance Consumer Discount Company
Household Finance Corporation III
Household Finance Corporation of California
Household Financial Center Inc.
Household/Realty Corporation

Beneficial Consumer Discount Company
Beneficial Florida Inc.
Beneficial Loan & Thrift Co.
Beneficial Maine Inc.
Beneficial Michigan Inc.
Beneficial New York Inc.
Beneficial Rhode Island Inc.
Beneficial Tennessee Inc.
Beneficial Wyoming Inc.
Household Finance Corporation
Household Finance Corporation II
Household Finance Corporation of Alabama
Household Finance Corporation of Nevada
Household Industrial Finance Company

By: _____
Name:   Tammy Knipfer
Title:   Vice President – Treasurer & Controller

HSBC Credit Center, Inc.

By: _____
Name:   Tammy Knipfer
Title:   President

STATE OF ILLINOIS   )
             ) SS
COUNTY OF LAKE   )

On this 11th day of March 2010, before me, a Notary Public in the State of Illinois, personally appeared Tammy Knipfer, to me personally known to be an officer of the Grantor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Grantor on behalf of the entities named above/her signature.

_____
Notary Public

OFFICIAL SEAL
[SEAL]
STÉPHANIE C ZAREMBA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/03/13

CONTINUING ASSIGNMENT OF CONTRACTS

For good and valuable consideration, the receipt of which is hereby acknowledged, each of HSBC Auto Finance Inc., HSBC Auto Credit Inc., and HSBC Auto Accounts Inc., Beneficial Connecticut Inc., Beneficial Consumer Discount Company, Beneficial Financial I Inc., Beneficial Florida Inc., Beneficial Kentucky Inc., Beneficial Loan & Thrift Co., Beneficial Louisiana Inc., Beneficial Maine Inc., Beneficial Massachusetts Inc., Beneficial Michigan Inc., Beneficial New Hampshire Inc., Beneficial New York Inc., Beneficial Oregon Inc., Beneficial Rhode Island Inc., Beneficial South Dakota Inc., Beneficial Tennessee Inc., Beneficial West Virginia Inc., Beneficial Wyoming Inc., Household Finance Consumer Discount Company, Household Finance Corporation II, Household Finance Corporation III, Household Finance Corporation of Alabama, Household Finance Corporation of California, Household Finance Corporation of Nevada, Household Financial Center Inc., Household Industrial Finance Company, Household Realty Corporation and HSBC Credit Center, Inc. (collectively "Assignor"), pursuant to the terms of the Asset Purchase Agreement, dated as of November 9, 2009 (the "Agreement") by and among Assignor and Santander Consumer USA Inc. hereby sells, assigns and transfers to Santander Consumer USA Inc. and its affiliates, successors and assigns ("Assignee"), on a continuing and ongoing basis, (i) each and all of the Dealer Agreements, Dealer Assignments, Alliance Agreements and Alliance Assignments ("Dealer Documents"); (ii) all right, title and interest in and to the Vehicles therein described and all other security for the Dealer Documents, with full power in Assignee in its or Assignor's name to take such legal or other action which Assignor might have taken save for this Assignment of Dealer Agreements; (iii) any and all rights the Assignor may have against Dealers or Alliance Relationships, as applicable, (under each of the Dealer Documents or otherwise) and manufacturers with respect to the Dealer Documents and related Vehicles; (iv) all of Assignor's rights, title and interest in and under each Dealer Documents between Assignor and any and all Dealers or Alliance Relationships, as applicable, and any security interest of the Assignor in the related Vehicle; (v) the interest of the Assignor in any liquidation proceeds and insurance proceeds related to the Dealer Documents; and (vi) the proceeds (as defined in the Uniform Commercial Code in effect in the states where in the Dealer Documents were originated) with respect to the foregoing; all rights and payments with respect to the foregoing and all rights to enforce the foregoing.

Assignee may from time to time on its own behalf, pursue directly against any Dealer, or Alliance Relationship, as applicable, all rights and/or remedies of Assignor under any agreement between Assignor and such Dealer or such Alliance Relationship, as applicable, or any assignment by said Dealer or Alliance Relationship to Assignor, with respect to any Application and/or Dealer Documents and all rights to enforce the foregoing, with full power in Assignee in its or Assignor's name to take such legal or other action which Assignor might have taken save for this Assignment of Dealer Documents.

Capitalized terms used but not defined herein shall have the meanings specified in the Agreement.

IN WITNESS WHEREOF, each Assignor has executed this Continuing Assignment of Dealer Agreements this 15th day of March 2010.

HSBC Auto Finance Inc.
HSBC Auto Credit Inc.
HSBC Auto Accounts Inc.

By: _Joan M. Coppernall_
Name: Joan M. Coppernall
Title: Executive Vice President, Chief Financial Officer, Treasurer & Secretary

STATE OF CALIFORNIA  )
                     ) SS
COUNTY OF            )

Notary Public

On this _____ day of March 2010, before me, a Notary Public in the State of California, personally appeared Joan M. Coppernath, to me personally known to be an officer of the Assignor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Assignor.

[SEAL]

Beneficial Connecticut Inc.
Beneficial Financial I Inc.
Beneficial Kentucky Inc.
Beneficial Louisiana Inc.
Beneficial Massachusetts Inc.
Beneficial New Hampshire Inc.
Beneficial New Jersey Inc.
Beneficial Oregon Inc.
Beneficial South Dakota Inc.
Beneficial West Virginia Inc.
Household Finance Consumer Discount Company
Household Finance Corporation III
Household Finance Corporation of California
Household Financial Center Inc.
Household Realty Corporation

Beneficial Consumer Discount Company
Beneficial Florida Inc.
Beneficial Loan & Thrift Co.
Beneficial Maine Inc.
Beneficial Michigan Inc.
Beneficial New York Inc.
Beneficial Rhode Island Inc.
Beneficial Tennessee Inc.
Beneficial Wyoming Inc.
Household Finance Corporation II
Household Finance Corporation of Alabama
Household Finance Corporation of Nevada
Household Industrial Finance Company

By: _____
Name: Tammy Knipfer
Title: Vice President – Treasurer & Controller

HSBC Credit Center, Inc.

By: _____
Name: Tammy Knipfer
Title: President

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF LAKE     )

Notary Public

On this _____ day of March 2010, before me, a Notary Public in the State of Illinois, personally appeared Tammy Knipfer, to me personally known to be an officer of the Assignor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Assignor on behalf of the entities named above her signature.

[SEAL]

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of ___SAN DIEGO___

On ___MARCH 10 2010___ before me, ___ARESHA BARAHAM___
                Date                                    Name(s) of the Officer

personally appeared ___JOAN M. COTTON-RUTH___
                                Name(s) of Signer(s)

Place Notary Seal Above

ARESHA BARAHAM
Commission # 1784434
Notary Public - California
San Diego County
My Comm. Expires Nov 13, 2010

who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____
                Signature of Notary Public

--- OPTIONAL ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder:Call Toll-Free 1-800-876-6827

IN WITNESS WHEREOF, each Assignor has executed this Continuing Assignment of Dealer Agreements this 15th day of March 2010.

HSBC Auto Finance Inc.
HSBC Auto Credit Inc.
HSBC Auto Accounts Inc.

By: _____
Name: Joan M. Coppenrath
Title: Executive Vice President, Chief Financial Officer, Treasurer & Secretary

STATE OF CALIFORNIA )
                      ) SS
COUNTY OF _____ )

On this _____ day of March 2010, before me, a Notary Public in the State of California, personally appeared Joan M. Coppenrath, to me personally known to be an officer of the Assignor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Assignor.

Notary Public _____

[SEAL]

Beneficial Connecticut Inc.
Beneficial Financial I Inc.
Beneficial Kentucky Inc.
Beneficial Louisiana Inc.
Beneficial Massachusetts Inc.
Beneficial New Hampshire Inc.
Beneficial Oregon Inc.
Beneficial South Dakota Inc.
Beneficial West Virginia Inc.
Household Finance Consumer Discount Company
Household Finance Corporation III
Household Finance Corporation of California
Household Financial Center Inc.
Household Realty Corporation

Beneficial Consumer Discount Company
Beneficial Florida Inc.
Beneficial Loan & Thrift Co.
Beneficial Maine Inc.
Beneficial Michigan Inc.
Beneficial New York Inc.
Beneficial Rhode Island Inc.
Beneficial Tennessee Inc.
Beneficial Wyoming Inc.
Household Finance Corporation II
Household Finance Corporation of Alabama
Household Finance Corporation of Nevada
Household Industrial Finance Company

By: _____
Name: Tammy Knipfer
Title: Vice President – Treasurer & Controller

HSBC Credit Center, Inc.

By: _____
Name: Tammy Knipfer
Title: President

STATE OF ILLINOIS )
                   ) SS
COUNTY OF LAKE )

On this 11th day of March 2010, before me, a Notary Public in the State of Illinois, personally appeared Tammy Knipfer, to me personally known to be an officer of the Assignor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Assignor on behalf of the entities named above her signature.

Notary Public _____

OFFICIAL SEAL
LYNNE C ZAREMBA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/02/13

## ASSIGNMENT OF INSURANCE INTERESTS

HSBC Auto Finance Inc., HSBC Auto Credit Inc., and HSBC Auto Accounts Inc., Beneficial Connecticut, Inc., Beneficial Consumer Discount Company, Beneficial Financial I Inc., Beneficial Florida Inc., Beneficial Kentucky Inc., Beneficial Loan & Thrift Co., Beneficial Louisiana Inc., Beneficial Maine Inc., Beneficial Massachusetts Inc., Beneficial Michigan Inc., Beneficial New Hampshire Inc., Beneficial New York Inc., Beneficial Oregon Inc., Beneficial Rhode Island Inc., Beneficial South Dakota Inc., Beneficial Tennessee Inc., Beneficial West Virginia Inc., Beneficial Wyoming Inc., Household Finance Consumer Discount Company, Household Finance Corporation II, Household Finance Corporation III, Household Finance Corporation of Alabama, Household Finance Corporation of California, Household Finance Corporation of Nevada, Household Financial Center Inc., Household Industrial Finance Company, Household Realty Corporation and HSBC Credit Center, Inc. (collectively "Assignor") each hereby absolutely and irrevocably assigns to SANTANDER CONSUMER USA INC., an Illinois corporation ("SCU") all of Assignor's right, title and interest in, under, and with respect to all insurance and service contracts which provide any of the following coverages with respect to the Purchased Loans and any related motor vehicle retail installment contract which Assignor has sold to SCU pursuant to that certain Asset Purchase Agreement dated as of November 9, 2009 by and among SCU and Assignor, as such agreement now exists and may hereafter be amended or supplemented (the "Agreement"):

1. credit life, credit disability, or credit accident and health;
2. casualty, damage, theft, loss, liability or GAP coverage;
3. involuntary employment;
4. mechanical breakdown, warranty, maintenance, or servicing;
5. lender protection, vendor/lender single interest, repossessed vehicle casualty (including damage, theft, and loss), confiscation, non-filing, failure of lien protection, contract default, or residual value; or
6. any other coverage assigned in writing by Assignor to SCU.

Without limiting the rights included in this assignment, this assignment entitles SCU to claim and collect all benefits, refunds, and other amounts with respect to all coverages that Assignor would be entitled to claim and collect, and to make such claims and collections in its name or Assignor's name. Assignor hereby authorized SCU to sign Assignor's name on all such claims and collections SCU makes, and to endorse Assignor's name on all such payments it receives. Assignor hereby instructs and authorizes all providers of the foregoing coverages to rely on this Assignment and any statement of instruction in writing by SCU with respect to the operation and effect of this Assignment and the installment contracts covered by it. Assignor hereby agrees that the providers of the coverages who so rely shall have no liability to Assignor for complying with this Assignment and such statements and instructions by SCU.

Dated:    March 15, 2010

IN WITNESS WHEREOF, each Assignor has executed this Assignment of Insurance Interests this 15th day of March 2010.

HSBC Auto Finance Inc.
HSBC Auto Credit Inc.
HSBC Auto, Accounts Inc.

By: _____
Name:   Joan M. Coppernall
Title:   Executive Vice President, Chief Financial Officer, Treasurer & Secretary

STATE OF CALIFORNIA    )
                       ) SS
COUNTY OF    [  ]       )

On this ____ day of March 2010, before me, a Notary Public in the State of California, personally appeared Joan M. Coppernall, to me personally known to be an officerof the Assignor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Assignor.

_____                                    [SEAL]
Notary Public

Beneficial Connecticut Inc.                 Beneficial Consumer Discount Company
Beneficial Financial I Inc.                 Beneficial Florida Inc.
Beneficial Kentucky Inc.                    Beneficial Loan & Thrift Co.
Beneficial Louisiana Inc.                   Beneficial Maine Inc.
Beneficial Massachusetts Inc.               Beneficial Michigan Inc.
Beneficial New Hampshire Inc.               Beneficial New York Inc.
Beneficial Oregon Inc.                      Beneficial Rhode Island Inc.
Beneficial South Dakota Inc.                Beneficial Tennessee Inc.
Beneficial West Virginia Inc.               Beneficial Wyoming Inc.
Household Finance Consumer Discount Company  Household Finance Corporation II
Household Finance Corporation III           Household Finance Corporation of Alabama
Household Finance Corporation of California  Household Finance Corporation of Nevada
Household Financial Center Inc.             Household Industrial Finance Company
Household Realty Corporation

By: _____
Name:   Tammy Knipfer
Title:   Vice President – Treasurer & Controller

HSBC Credit Center, Inc.

By: _____
Name:   Tammy Knipfer
Title:   President

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF LAKE        )

On this ____ day of March 2010, before me, a Notary Public in the State of Illinois, personally appeared Tammy Knipfer, to me personally known to be an officer of the Assignor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Assignor on behalf of the entities named above her signature.

_____                                    [SEAL]
Notary Public

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Diego_

On _May 10, 2010_ _____ before me, _____

_Date_                                          _Here Insert Name and Title of the Officer_

personally appeared _John M. Alabanza_

_____

_Name(s) of Signer(s)_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

_Signature of Notary Public_

Place Notary Seal Above

AYESHA BARAM
Commission # 1704434
Notary Public - California
San Diego County
My Comm. Expires Nov 19, 2010

---

**OPTIONAL**

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

IN WITNESS WHEREOF, each Assignor has executed this Assignment of Insurance Interests this 15th day of March 2010.

HSBC Auto Finance Inc.
HSBC Auto Credit Inc.
HSBC Auto Accounts Inc.

By: _____
Name:   Joan M. Copperrath
Title:   Executive Vice President, Chief Financial Officer,
         Treasurer & Secretary

STATE OF CALIFORNIA   )
                      ) SS
COUNTY OF [  ]        )

On this   day of March 2010, before me, a Notary Public in the State of California, personally appeared Joan M. Copperrath, to me personally known to be an officer of the Assignor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Assignor.

Notary Public

[SEAL]

Beneficial Connecticut Inc.
Beneficial Financial I Inc.
Beneficial Kentucky Inc.
Beneficial Louisiana Inc.
Beneficial Massachusetts Inc.
Beneficial New Hampshire Inc.
Beneficial Oregon Inc.
Beneficial South Dakota Inc.
Beneficial West Virginia Inc.
Household Finance Consumer Discount Company
Household Finance Corporation III
Household Finance Corporation of California
Household Financial Center Inc.
Household Realty Corporation

Beneficial Consumer Discount Company
Beneficial Florida Inc.
Beneficial Loan & Thrift Co.
Beneficial Maine Inc.
Beneficial Michigan Inc.
Beneficial New York Inc.
Beneficial Rhode Island Inc.
Beneficial Tennessee Inc.
Beneficial Wyoming Inc.
Household Finance Corporation
Household Finance Corporation II
Household Finance Corporation of Alabama
Household Finance Corporation of Nevada
Household Industrial Finance Company

By: _____
Name:   Tammy Knipfer
Title:   Vice President – Treasurer & Controller

HSBC Credit Center, Inc.

By: _____
Name:   Tammy Knipfer
Title:   President

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF LAKE      )

On this   14   day of March 2010, before me, a Notary Public in the State of Illinois, personally appeared Tammy Knipfer, to me personally known to be an officer of the Assignor identified above her signature, and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the Assignor on behalf of the entities named above her signature.

Notary Public

OFFICIAL SEAL
LYNNE C ZAREMBA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/03/13